■ In the Matter of the Claim of BERTHA TUBBS et al., Respondents, v. VINCENT ANGERAMI, Doing Business as JIMMIE'S RESTAURANT & GRILL, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of death benefits predicated upon the finding "that death was due to * * * dislocated cervical vertebrae caused by a fall down the basement stairs". Upon a prior appeal (13 A D 2d 875), we expressed some doubt whether there was substantial evidence of accidental death but found it unnecessary to decide that issue in the state of the findings then before us; and we held that the board's "alternative finding of 'brain damage or a fractured neck' is improper in any event and requires remittal." Upon rehearing, testimony was adduced from Dr. Clemmer, a pathologist, who performed an autopsy following exhumation of decedent's body. Dr. Clemmer positively excluded both coronary occlusion and myocardial infarction as causative of death and the board was, of course, entitled to accept his conclusion and thereby to reject the opinions of appellants' medical experts that death was due to coronary occlusion. After discussing his finding of abnormal motility of the skull, particularly in the region of the first and second cervical vertebrae, and considering the fall and the position of the body as described by the physician who saw it at site of the fall — the body with chest and abdomen downward but with head twisted upward toward the ceiling — Dr. Clemmer found that the fall "would" be "a competent producing cause of death by dislocated cervical vertebrae". Appellants attack this evidence as insubstantial because the doctor freely conceded that he could

not give the cause of death "with *certainty* based *entirely* upon [his] findings"; that the motility indicated a "possibility" of dislocated vertebrae during life; that he could not make "*positive* conclusions as to the cause of death on the *anatomical evidence alone*". But he said that because evaluation of the vertebrae and ligaments was difficult, did not mean that he had no basis for an opinion, and thereupon stated that basis. It is too clear to require discussion that valid medical conclusions may be, and often are expressed in terms of the "possible"; and that medical opinion is usually just that, and seldom does it become "certainty" or rest "entirely" on what can be seen, i.e., on "anatomical evidence alone". The courts "will look for the thought and meaning of this medical testimony rather than penalize the claimant because the doctors did not state their opinions in terms of infallibility or scientifically determined certainty." (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414, 415; and see *Matter of Bochkarev* v. *Henry's Landscaping Serv.*, 18 A D 2d 1113, mot. for lv. to app. den. 13 N Y 2d 595.) Here, the doctor reached an opinion based in part on his post-mortem examination and in part on other evidence in the record, including that given by a physician who saw decedent's body before its removal from the basement floor to which it had fallen. The evidence seems to us substantial. Additionally, the board was not required to treat appellants' proof, which it obviously did not credit, as substantial evidence overcoming the presumption under subdivision 1 of section 21 of the Workmen's Compensation Law. (*Matter of Moraes* v. *National Biscuit Co.*, 2 A D 2d 619, mot. for lv. to app. den. 2 N Y 2d 705.) "Here we have a medical record which is sufficient to re-enforce the presumption of accident; and the board was not bound to hold that the medical opinion the other way must be treated as 'substantial evidence to the contrary' in the sense that the presumption must as a matter of law be deemed destroyed." (*Matter of Kurash* v. *Franklin Stores Corp.*, 12 A D 2d 368, 371, mot. for lv. to app. den. 9 N Y 2d 612; see, also, *Matter of Teichert* v. *Linden Hill Cemetery*, 16 A D 2d 723, mot. for lv. to app. den. 11 N Y 2d 647; *Matter of Rapp* v. *Furniture Express*, 16 A D 2d 855, mot. for lv. to app. den. 12 N Y 2d 644; *Matter of Zeck* v. *Nye-Wait Co.*, 17 A D 2d 1024.) Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.